# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL HILL, )<br>)<br>Defendant. )<br>) | CRIMINAL ACTION<br><br>No. 10-20048-01-CM |

## MEMORANDUM AND ORDER

On February 25, 2010, defendant Michael Hill was indicted in a one-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before the court is defendant's Motion to Dismiss (Doc. 27), which asks the court to dismiss the indictment with prejudice on the basis that the allegations under § 922(g) violate the Equal Protection Clause of the Fifth Amendment.[1] For the reasons that follow, the court denies the motion.

**I.    Background and Arguments**

Defendant's argument is as follows: under recent United States Supreme Court precedent, the

---

[1] Defendant also challenges the constitutionality of 18 U.S.C. § 921(a)(20). Section 921 contains definitions used in Title 18, Chapter 44, United States Code. The subsection to which defendant refers concerns the term "crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) clarifies this term does not include certain types of offenses, and states that what constitutes a conviction "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Further, it states that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." For purposes of this order, the court considers defendant's challenge to § 922(g)(1) to also include a challenge to § 921(a)(20). In light of the court's decision on the motion, the court does not address the provisions separately.

Second Amendment establishes an individual fundamental right to bear arms; infringements on this fundamental right to bear arms must be evaluated under a strict scrutiny standard; 18 U.S.C. § 922(g) (like § 921(a)(20)) does not pass strict scrutiny because it is not narrowly tailored to meet any legitimate governmental interest; and it violates the Equal Protection Clause because it unevenly and unfairly defines the conduct necessary to trigger a deprivation of this fundamental right.

Defendant acknowledges that Second Amendment-based challenges have been raised and rejected time and time again in this circuit: The Tenth Circuit has previously adhered to the "collective rights model," of Second Amendment jurisprudence, under which an individual has a right to bear arms, but only in direct affiliation with a well-organized, state-supported militia. (Doc. 27, at 2) (citing, *e.g.*, *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004); *United States v. Bayles*, 310 F.3d 1302, 1306 (10th Cir. 2002); *United States v. Baer*, 235 F.3d 561, 564 (10th Cir. 2000)).

However, defendant argues that United States Supreme Court precedent establishes that the right is individual and fundamental. (Doc. 27, at 2–6) (citing *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010)).

Additionally, defendant asserts that his argument in this case is distinguishable from cases in which the same argument has failed, because unlike prior cases, a strict scrutiny standard of review applies in the wake of *Heller* and *McDonald*.

Defendant argues that § 922(g)(1) treats individuals in like circumstances very differently. Because it relies on diverse state definitions of felonies (crimes punishable by more than one year imprisonment), and contains no uniform definition of the conduct that will result in a loss of the right to possess firearms under federal law, it violates the Equal Protection Clause. Defendant cites

examples of how convictions in different states for such crimes as drug possession, battery of a law enforcement officer, and theft may result in loss of the right to possess a firearm depending not on the crime, but the state of conviction. He notes the government does not, and cannot, assert that the statute is narrowly tailored or show that there is a compelling interest in the disparity created.

Similarly, defendant argues that the application of 18 U.S.C. § 921(a)(20) also results in uneven treatment based on the state of conviction. *See* n.1, *supra*.

In response, the government argues simply that the protections of the Second Amendment do not extend to convicted criminals.

**II.    Analysis**

In *Heller*, the United States Supreme Court recognized an individual right to keep and bear arms, at least for self-defense in the home. But the court noted in dicta that the holding did not invalidate laws precluding possession of firearms by, *inter alia*, convicted felons. 128 S. Ct. at 2816–17. The *Heller* holding may have overturned the Tenth Circuit's collective-rights caselaw, but the *Heller* dictum affirms the ultimate disposition, *i.e.*, that the Second Amendment does not protect a felon's right to possess firearms. *United States v. McCane*, 573 F.3d 1037, 1049 n.2 (10th Cir. 2009) (Tymkovich, J., concurring), *cert. denied* 2010 WL 680526.

Since *Heller*, the Tenth Circuit, among others, has consistently rejected constitutional attacks on prohibited categories under § 922(g) and analogous felon-dispossession statutes. *McCane*, 573 F.3d at 1047 (rejecting Second Amendment and Commerce Clause challenges to § 922(g)(1), noting the court was bound by *Heller* dicta); *United States v. Gieswein*, 346 F. App'x 293, 295–96 (10th Cir. 2009) (same); *United States v. Nolan*, 342 F. App'x 368, 372 (10th Cir. 2009) (rejecting Second Amendment challenge to § 922(g)(1)); *United States v. Yanez-Vasquez*, No. 09-40056-01-SAC, 2010 WL 411112 (D. Kan. Jan. 28, 2010) (rejecting Second Amendment and Commerce Clause

challenges to § 922(g)(5)); *see also United States v. Marzzarella*, No. 09-3185, 2010 WL 2947233, at *3 (3d Cir. July 29, 2010) (holding that the "longstanding limitations" set out in *Heller*, including restrictions on a felon's right to possess firearms, are "exceptions to the right to bear arms"); *United States v. Vongxay*, 594 F.3d 1111, 1114–15 (9th Cir. 2010); *United States v. Hamer*, 319 F. App'x 366, 369–70 (6th Cir. 2009); *United States v. Anderson*, 559 F.3d 348, 352 n.6 (5th Cir. 2009); *United States v. Brye*, 318 F. App'x 878, 879–80 (11th Cir. 2009); *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008); *United States v. Brunson*, 292 F. App'x 259, 261 (4th Cir. 2008); *United States v. Gilbert*, 286 Fed. App'x 383, 386 (9th Cir. 2008); *United States v. Irish*, 285 F. App'x 326, 327 (8th Cir. 2008).

And nothing in this court's reading of *McDonald* requires a different outcome here. *McDonald* deals with the applicability of the Second Amendment to the states by virtue of the Fourteenth Amendment. In fact, the *McDonald* court reaffirms the limitations on the Second Amendment recognized in *Heller*. *McDonald*, 130 S. Ct. at 3047 (plurality opinion of Alito, J.) (stating "[i]t is important to keep in mind that *Heller* . . . recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.' [Citation omitted.] We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill'. . . . [Citations omitted.] We repeat those assurances here.").

As Judge Tymkovich notes in his concurrence in *McCane*:

"the existence of on-point dicta . . . short-circuits at least some of the analysis and refinement that would otherwise take place in the lower courts. In this case, for example, we need not address the standard of review applicable to gun dispossession laws—strict scrutiny, intermediate, rational basis, or something else—or the examination of the governmental interests in light of the standard of review" because *Heller*'s dicta "forecloses a more sophisticated interpretation of 922(g)(1)'s scope."

-4-

573 F.3d at 1049–50.

Defendant's equal protection arguments, although unique and well-articulated, are merely academic. This court is bound by precedent consistently holding that the protections of the Second Amendment apply only to law-abiding citizens and certain types of weapons, and that "prohibitions on the possession of firearms by felons" such as 18 U.S.C. § 922(g) do not offend the Second Amendment. *Heller*, 128 S. Ct. at 2816–17. Because 18 U.S.C. § 922(g)(1) (like § 921(a)(20)) does not impose a burden on a fundamental right within the scope of the Second Amendment, the court rejects defendant's facial challenge to the constitutionality of that statute, and denies defendant's Motion to Dismiss (Doc. 27).

**IT IS SO ORDERED**.

Dated this 17th day of August 2010, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**